IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TITO JAY BRYANT,

    Plaintiff,

v.

RONALD J. HARRIS, dba RAINBOW
SELF STORAGE, KIM SANTSCHE,
and DOES ONE to FIFTY, inclusive,

    Defendants.

No. C 13-02068 WHA

**ORDER GRANTING
MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT
AND VACATING HEARING**

## INTRODUCTION

In this race discrimination action, plaintiff moves for leave to file an amended complaint. To the extent stated below, the motion for leave is **GRANTED**. The hearing set for May 1, 2014, is **VACATED**.

## STATEMENT

On May 6, 2013, plaintiff Tito Jay Bryant commenced this action against defendants Ronald J. Harris and Kim Santsche. According to the complaint, Harris and Santsche own and operate Rainbow Self Storage.

The complaint also alleges the following. Plaintiff entered into a rental agreement for a unit at Rainbow Self Storage. Beginning around August 2012, defendants locked plaintiff out of the storage facility, thereby preventing him from accessing his unit and personal possessions therein. When plaintiff asked about his lack of access, he "was given an excuse of 'we are checking into something' and then was asked whether [p]laintiff knew a guy named Mike"

(Compl. ¶ 10). Plaintiff was then told, "You guys are in a lot at the same time." Feeling "extremely uncomfortable," plaintiff cleaned out his unit and terminated his rental agreement the next day. He now claims that "the sole reason" for the lock-out and the subsequent comments is that he is a person of color (*ibid.*).

On August 19, 2013, a case management scheduling order was filed, stating that "[l]eave to add any new parties or pleading amendments must be sought by October 4, 2013" (Dkt. No. 15). No requests for pleading amendments were made before that deadline. On March 27, 2014, plaintiff's attorney Jason Singleton filed the present motion for leave to file an amended complaint, so that he can "dismiss [the] 42 U.S.C. § 2000e claim" under the Civil Rights Act of 1964 and instead "plead a claim under 42 U.S.C. § 1982" of the Civil Rights Act of 1866 (Br. 2).

**ANALYSIS**

This order first clarifies the controlling standard. Attorney Singleton brings his motion "pursuant to Rule 15(a) and 16(b) . . . for leave to file a First Amended Complaint, and for Amendment of the Case Management Order" (Br. 4). But Rule 16(b) — and not Rule 15(a) — governs. Our court of appeals stated that "[o]nce the district court had filed a pretrial scheduling order pursuant to [Rule] 16 which established a timetable for amending pleadings that rule's standards controlled." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."

Here, the August 19 scheduling order stated that pleading amendments must be sought by October 4, 2013. That deadline came and went approximately six months ago. Attorney Singleton, however, now seeks leave to file an amended complaint so that he can replace the "Section 2000e" claim with a Section 1982 claim (among other changes). According to him, good cause exists because (Br. 2):

> a) [there was] no dilatory motive on the part of [p]laintiff[;] b) there is no prejudice to defendants as the facts which support the new proposed claim are identical to the facts which support the dismissed claim; and c) amendment is not futile.

Leave to file the amended complaint will be permitted because the underlying objective of the Section 1982 claim is sufficiently similar to that of the current "Section 2000e" claim.

While there appears to be a lack of diligence by plaintiff's counsel in seeking such an amendment, this is mitigated by the fact that the substitute claim is similar in purport to the claim that will be deleted. This order also bases its decision on the fact that defendants have not identified any prejudice if leave to amend were allowed.

Accordingly, the present motion is **GRANTED**. This is without prejudice to either side filing a dispositive motion by **JUNE 12, 2014**.

## CONCLUSION

To the extent stated above, the motion for leave to file an amended complaint is **GRANTED**. Plaintiff's counsel will file the amended complaint by **5 PM ON APRIL 23, 2014**. Any responsive pleading or motion will be due within **SEVEN CALENDAR DAYS**. All deadlines set forth in the August 19 scheduling order (Dkt. No. 15) shall remain in effect. Moreover, the hearing set for May 1, 2014, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3